# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ERVIN MIDDLETON,

        Plaintiff(s),

v.

CAVALRY PORTFOLIO SVC LLC,

        Defendant(s).

2:12-CV-1993 JCM (VCF)

**ORDER**

      Presently before the court is pro se plaintiff Ervin Middleton's motion to set aside. (Doc. # 18). Defendant Calvary Portfolio Services LLC filed a response (doc. # 19), and plaintiff has not filed a reply.

**I.    Background**

      Plaintiff filed a lawsuit against defendant in state court alleging violations of the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA"). Defendant timely removed the action to this court.

      Defendant filed a motion to dismiss. (Doc. # 7). Plaintiff never responded. The court then dismissed the action without prejudice pursuant to local rule 7-2(d). (Doc. # 15).

      After the court dismissed the action, plaintiff filed a response to the motion to dismiss. (Doc. # 17).[1] Plaintiff then filed a motion to set aside the court's order dismissing the action. (Doc. # 18).

---

[1] The court has reviewed defendant's motion to dismiss (doc. # 7) and plaintiff's untimely response (doc. # 17) that he filed after the court issued its order dismissing the action. From the

**James C. Mahan**
**U.S. District Judge**

## II.   Legal Standard

Even though plaintiff's motion presents no legal authority for the court to set aside its prior order, the court will construe plaintiff's motion as one under Federal Rules of Civil Procedure 59(e) and 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *Kona Enters., Inc., v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in the earlier litigation." *Id.* (citing *Kona*, 229 F.3d at 890).

"Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.'" *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9t Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 1991).

## III.   Discussion

In plaintiff's motion to set aside the dismissal, his sole argument is that he "did not receive mail Notification of the motion to dismiss until it was too late." (Doc. # 18).

Defendant, in its motion to dismiss, filed a certificate of a service. Defendant mailed the motion to plaintiff at his address at the time. The court's order and the clerk's judgment were mailed to the same address, and plaintiff responded with a matter of days. All by way of saying that plaintiff has conspicuously received every filing in this lawsuit by mail except the motion to dismiss.

court's review of the motions, and the complaint, plaintiff's complaint cannot survive the motion to dismiss.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Further, plaintiff's proffered justification does not provide a basis to reconsider or amend a previous order under Rule 59(e). The court has not been presented with newly discovered evidence, the court did not commit clear error, and there has not been an intervening change in law.

Plaintiff's proffered justification likewise does not give rise to reconsideration under Rule 60(b). Plaintiff has not satisfied any of the requirements of Rule 60(b).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to set aside (doc. # 18) be, and the same hereby, is DENIED.

DATED March 26, 2013.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**